IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

RICE CONTRACTING CORPORATION, )
)
    Plaintiff, )
)
v. )
) 1:08cv1163 (LMB/TRJ)
CALLAS CONTRACTORS, INC. a/k/a )
CALLAS COMPANY, INC., )
)
and )
)
HARTFORD FIRE INSURANCE COMPANY, )
)
    Defendants. )

FILED
JAN - 2 2009
CLERK, U.S. DISTRICT COURT
ALEXANDRIA, VIRGINIA

## MEMORANDUM OPINION

### I. Background

Plaintiff Rice Contracting Company ("Rice"), a subcontractor, has sued the defendants, Callas Contractors, Inc. ("Callas"), a general contractor, and Hartford Fire Insurance Company ("Hartford"), Callas' surety, alleging breach of contract and claims under Virginia's "Little Miller Act," Va. Code Ann. § 2.2-4337 et seq. The defendants have moved to dismiss based on a forum selection clause in the contracts at issue.

Rice and Callas are both construction companies; Rice is organized and based in Virginia and Callas in Maryland. In August 2004, Rice and Callas entered into two contracts in which Rice was to perform site development and other subcontract work for Callas on two school construction projects: Liberty Elementary School in Loudoun County and Greenville Elementary School in Fauquier County. Hartford, a Connecticut company,

executed two payment bonds, one for each project, as a surety.

In this breach of contract action, Rice alleges that Callas committed several breaches, including failure to pay, failure to properly administer the contracts, and improper backcharges. Rice seeks $921,967.57 for the Loudoun County project and $470,114.90 for the Fauquier County project. When Callas failed to pay the amounts, Rice pursued recovery on the two payment bonds. Hartford refused to pay, and has been sued for the amount of the bonds. Because the parties are diverse and more than $75,000 is at issue, the Court has subject matter jurisdiction under 28 U.S.C. § 1332.

The defendants have moved to dismiss under Fed. R. Civ. P. 12(b)(3) on the ground that forum selection clauses in both contracts require all claims with respect to the contracts to be litigated in Virginia state court in Loudoun and Fauquier County, respectively. Except for the specific state court location, each contract contains identical forum selection language:

> 11.9 . . . [E]ach of the parties to this Agreement submits to the jurisdiction of any state court sitting in [Loudoun or Fauquier][1] County, Virginia in any action or proceeding arising out of or relating to this Agreement and agrees that all claims in respect of the action or proceeding may be heard and determined in any such court. Subcontractor and Contractor each also agrees not to bring any action or proceeding arising out of or relating to this Agreement in any other court. Each of the parties waives any defense of

---

[1] The Liberty contract states "Loudoun," and the Greenville contract states "Fauquier."

inconvenient forum to the maintenance of any action or proceeding so brought . . .

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before us and argument would not aid the decisional process. Based on the clear language of the contracts and the governing law, defendants' motion to dismiss will be granted.

## II. Discussion

A motion to dismiss for improper venue under Fed. R. Civ. P. 12(b)(3) is the proper vehicle for bringing a motion to dismiss based on a forum selection clause. Sucampo Pharms., Inc. v. Astellas Pharma, Inc., 471 F.3d 544, 550 (4th Cir. 2006). Once venue is challenged, the plaintiff bears the burden of establishing that venue is proper. See Bartholomew v. Va. Chiropractors Ass'n, Inc., 612 F.2d 812, 816 (4th Cir. 1979), overruled on other grounds by Ratino v. Med. Serv. of D.C., 718 F.2d 1260 (4th Cir. 1983).

### A. Permissive or Mandatory Venue.

Rice first argues that the clauses at issue are only a permissive establishment of venue in Virginia state courts. In support, Rice focuses on the first part of the respective clauses, which provides that "each of the parties to this Agreement submits to the jurisdiction of any state court sitting in [Loudoun or Fauquier] County, Virginia in any action or proceeding arising out of or relating to this Agreement and

agrees that all claims in respect of the action or proceeding <u>may</u> be heard and determined in any such court" (emphasis added). Although Rice correctly points out that the first sentence, by using the word "may," can be characterized as permissive and not mandatory, it incorrectly ignores the next sentence, which clarifies the mandatory nature of the exclusive venue selection clause: "Subcontractor and Contractor each also agrees not to bring any action or proceeding arising out of or relating to this Agreement in any other court."

"When only jurisdiction is specified [a forum selection] clause will generally not be enforced without some further language indicating the parties' intent to make jurisdiction exclusive." <u>John Boutari & Son, Wines & Spirits, S.A. v. Attiki Importers and Distributors Inc.</u>, 22 F.3d 51, 52-53 (2d Cir. 1994), quoting <u>Docksider, Ltd. v. Sea Technology, Ltd.</u>, 875 F.2d 762, 764 (9th Cir. 1989). Thus, standing alone, the first sentence, which states that particular Virginia state courts "may" hear claims under the contract and that each party "submits to the jurisdiction" of those courts, could be deemed permissive.

However, the second sentence unambiguously "indicate[s] the parties' intent to make jurisdiction exclusive" by stating that neither party may bring any claims related to the contracts "in any other court." Rice has failed to provide any case law holding that such a clause is permissive. Rather, every case the

Court has reviewed that addressed similar language has found the language mandatory. See, e.g., Bliss v. Architron Systems, Inc., No. 1:08CV1301, 2008 WL 5082436, at *4 (N.D. Ohio Dec. 1, 2008) (holding that the phrase "Each party hereto also agrees not to bring any action or proceeding arising out of or relating to this Agreement in any other court" made the court specified in the contract "the exclusive and mandatory venue"); O'Connell v. Friedman, No. 2006-1495NC, 2007 WL 3012958, at *1 (N.Y. App. Term Sept. 4, 2007) (holding that the phrase "no such legal action may not [sic] be brought in any small claims court" barred venue in small claims court). More tellingly, in other cases, the parties have not even contested the mandatory nature of the clause. In a case involving nearly identical language to that of the contracts here, "[p]laintiffs . . . acknowledg[ed] that the [clause] "provide[d] for exclusive jurisdiction and venue." iGames Entertainment, Inc. v. Regan, No. Civ.A.04-CV-4179, 2004 WL 2538285, at *1 (E.D. Pa. Nov. 9, 2004).[2]

Finally, Rice argues that even if the clauses are mandatory, this Court is a proper venue "because the United States District

---

[2] The language in iGames was, "Each party submits to the jurisdiction of any state or federal court sitting in the State of Delaware, New Castle County in any action or Proceeding arising out of or related to this Agreement; agrees that all claims in respect of the action or Proceeding may be heard and determined in any such court; and agrees not to bring any action or Proceeding arising out of or relating to this Agreement in any other court."

-5-

Court for the Eastern District of Virginia has jurisdiction throughout both Loudoun and Fauquier County." Pl.'s Opp. 7. This argument ignores the contracts' reference to "any <u>state</u> court sitting in [Loudoun or Fauquier] County" (emphasis added). The United States District Court for the Eastern District of Virginia is a federal, not a state, court and is therefore not a proper venue under the contractual terms. Rice's position has no merit if the word "state" is to be given any significance, and Rice does not explain why the word should be ignored.

### B. Enforcement of the Forum Selection Clauses.

Alternatively, Rice argues that even if the forum selection clauses are mandatory, the Court should not enforce them for reasons of expense and judicial economy. Although courts have some discretion in enforcing a forum selection clause, no reason exists not to enforce the clauses here.

#### 1. Federal and State Law Standards for Enforceability of Forum Selection Clauses.

The parties dispute whether federal or state law governs the enforcement of a forum selection clause in federal court in a diversity case. The defendants cite to Virginia law, while Rice asserts that federal law controls.

Although it is an unresolved question in the Fourth Circuit whether a federal court should apply federal or state law when deciding whether to enforce a forum selection clause in a

diversity case,[3] it is irrelevant here because the federal and Virginia standards are substantially the same, and the defendants prevail under either standard. Both federal and Virginia law follow the "modern view" that forum selection clauses are presumptively valid absent certain extenuating circumstances. Under Virginia law, forum selection clauses "are prima facie valid and should be enforced" unless they are "unfair or unreasonable, or are affected by fraud or unequal bargaining power." Paul Business Systems, Inc. v. Canon U.S.A., Inc., 397 S.E.2d 804 (1990). Under federal law, "[a] forum-selection clause is prima facie valid and should be enforced unless enforcement is . . . unreasonable under the circumstances. A clause is unreasonable if (1) it was the result of fraud or overreaching; (2) trial in the contractual forum would be so gravely difficult and inconvenient for the complaining party that

---

[3] See Gita Sports Ltd. v. SG Sensortechnik GMBH & Co. KG, 560 F. Supp. 2d 432, 437 (W.D.N.C. 2008) (noting that "there has been no definitive word from the Fourth Circuit" on this issue). Although the Fourth Circuit indicated in an unpublished opinion that state law applies, see Nutter v. New Rents, Inc., No. 90-2493, 1991 WL 193490 (4th Cir. Oct. 1, 1991), it has also favorably cited a concurrence by Justice Kennedy supporting the use of federal standards governing the enforceability of forum selection clauses in diversity cases. See Vulcan Chemical Technologies, Inc. v. Barker, 297 F.3d 332, 339 (4th Cir. 2002), citing Stewart Org., Inc. v. Ricoh Corp., 487 U.S. 22, 33, (1988) (Kennedy, J., concurring). In addition, a number of courts within the circuit have not followed Nutter and have adopted the view of most federal appellate courts that federal law governs. See Gita Sports, 560 F. Supp. 2d at 438 (applying federal law and observing that this represents the majority view of the circuits).

he would for all practical purposes be deprived of his day in court; or (3) enforcement would contravene a strong public policy of the forum in which suit is brought." Pee Dee Health Care, P.A. v. Sanford, 509 F.3d 204, 213-14 (4th Cir. 2007), citing M/S Bremen v. Zapata Off-Shore Co., 407 U.S. 1, 10, 15-18 (1972) (internal quotation marks and citations omitted).[4]

### 2. Application of the standards.

The facts of this case compel the enforcement of the forum selection clauses under either federal or Virginia law. Although Callas, the general contractor, may have drafted the contracts and used boilerplate language, both parties are corporations and there is no evidence of unequal bargaining power. There are no allegations of unfairness, fraud or overreaching, or that enforcement of the clauses would violate a public policy of Virginia. Rice will not be deprived of its day in court; indeed, if the litigation proceeds, it will have two.

Instead, Rice argues that the forum selection clauses should

---

[4] Rice argues that Bremen and Pee Dee are not applicable because they were not diversity cases. Pl.'s Opp. 4-6. There is indeed some confusion whether federal or state law regarding the enforceability of a forum selection clause applies in diversity cases. See supra n. 3. However, Rice presents the confusing argument that (1) federal law applies, but (2) Bremen does not apply. Rice does not articulate what it believes the standard for enforcing a forum selection clause in diversity cases is; it only argues what the standard is not. Rice also cites a single case from the Eastern District of Virginia, Fixture Specialists, that it asserts is "federal common law." However, as demonstrated infra, that case is distinguishable.

-8-

not be enforced because "if the defendant's [sic] motion were granted [Rice] would be forced to bring suit in two separate state courts." Pl.'s Opp. 2. However, mere inconvenience and expense are insufficient to render enforcement of a forum selection clause unreasonable. See Gita Sports, 560 F.Supp. 2d at 439 (holding that "expense of litigation is insufficient to invalidate a forum-selection clause, especially in a diversity case . . . because the parties presumably included that burden when they calculated the proper consideration to be paid under the contract"); Bassett Seamless Guttering, Inc. v. GutterGuard, LLC, No. 1:05CV00184, 2006 WL 156874, at *4 (M.D.N.C. Jan. 20, 2006) ("It is established in the Fourth Circuit that the presumption of enforceability that applies to choice of forum (and choice of law) provisions will not be overcome by mere inconvenience, added expense, or regret."). Furthermore, in this case, even if litigation in two courts will result in greater expenses, the expenses will be borne by both parties, who were aware of this potential when they signed the contracts.[5]

Rice cites a single case, Fixture Specialists, Inc. v. Global Constr. Co., LLC, No. No. 3:07-CV-570, 2007 WL 3468997 (E.D. Va. Nov. 14, 2007), for the principle that "a forum

---

[5] It is not even clear how much would be saved by litigating the two breaches in the same action. The Complaint alleges breaches of two separate contracts, each of which involves its own facts and would likely require its own discovery.

selection clause does not prohibit a Court sitting in diversity jurisdiction from ruling based on judicial economy and plaintiff preference." Pl.'s Opp. 6. Fixture Specialists, however, is distinguishable because nearly all of the events giving rise to the claim in that case occurred in a venue different from the one specified in the contract. As the court observed, the mere existence of a forum selection clause "does not affect [a] [c]ourt's analysis of whether venue is proper." Id. at *2 (emphasis added). Here, unlike in Fixture Specialists, the venues provided in the contracts are directly related to the claims and are therefore proper. In sum, Rice's concerns of judicial economy and added expense do not rise to the level of unreasonableness that both Virginia and federal law require to void a forum selection clause.

### III. Conclusion

For the reasons stated above, the defendants' Motion to Dismiss will be granted, by an Order to be issued with this opinion.

Entered this 2nd day of January, 2009

Alexandria, Virginia

/s/
Leonie M. Brinkema
United States District Judge